JS-6                                                        O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY HONG, | ) | Case No. CV 18-08519 DDP (SSx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTIONS TO DISMISS** |
| RECREATIONAL EQUIPMENT, INC., | ) | |
| | ) | [Dkt. 22, 23] |
| Defendants. | ) | |

Presently before the court are two motions to dismiss or, in the alternative, transfer venue, filed separately by Defendants Recreational Equipment, Inc. ("REI") and Samuel Krieg ("Krieg"), an individual. Having considered the submissions of the parties and heard oral argument, the court grants the motions and adopts the following Order.

**I.   Background**

Plaintiff, a resident of Los Angeles, California, created "Tree Rings," an illustration depicting the tree rings of a tree trunk. (Complaint ¶ 7.) Plaintiff obtained a copyright registration for Tree Rings. (Id.) Krieg, a resident of Idaho, creates and sells specialty climbing bags. (Complaint ¶ 10.)

Krieg allegedly sold climbing bags bearing some variant of Plaintiff's Tree Rings design, both through Krieg's own website and to Defendant REI, which in turn sold the bags at its own retail stores and on its website. (Id. ¶¶ 11-12.) Plaintiff's Complaint alleges copyright causes of action against both Krieg and REI.

Plaintiff filed his Complaint on October 3, 2018. Ninety-two days later, on January 3, 2019, Plaintiff personally served the Complaint on REI. On February 1, 2019, this Court ordered Plaintiff to show cause, no later than February 8, why this action should not be dismissed for lack of prosecution against Krieg, who had not yet been served. (Dkt. 17.) The court stated that it would consider proof of service upon Krieg as an adequate response. (Id.) In accordance with this Court's Order, on February 7, 2019, Plaintiff filed a proof of service indicating that he had served Krieg by mail in Idaho on February 1. (Dkt. 18.)

Defendants now separately move to dismiss the Complaint for lack of proper service and lack of personal jurisdiction. In the alternative, Defendants ask that this court transfer this matter to the District of Idaho.

**II. Discussion**

A. Insufficient Service

A party may seek to dismiss a pleading for insufficient service of process. Fed. R. Civ. P. 12(b)(5). In the face of a challenge to the validity of service of process, the plaintiff bears the burden of demonstrating effective service. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Generally, a plaintiff must serve a complaint within ninety days after the complaint is filed. Fed. R. Civ. P. 4(m). Plaintiff here, however, served

Defendant REI one day late.[1]  Thus, REI argues, the Complaint must be dismissed.  District courts, however, "have broad discretion to extend time for service under Rule 4(m)."  Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).  REI appears to have suffered no prejudice from the one day delay in service, and this Court therefore declines to dismiss Plaintiff's claims against REI for failure to timely serve.

Krieg, like REI, argues that the Complaint should be dismissed as to him because he was not served within ninety days of the filing of the Complaint.  However, Rule 4(m), which imposes the ninety day deadline, also provides that courts may, after the expiration of the ninety day period, order that service be made within a specific time.  Fed. R. Civ. P. 4(m).  Consistent with Rule 4(m), this Court's February 1 Order to Show Cause required Plaintiff to file a proof of service before February 8.[2]  Plaintiff did so.  Accordingly, this Court declines to dismiss the Complaint as to Krieg for failure to timely serve.

Krieg raises an additional argument that, even putting aside timeliness issues, service on him was defective.  Krieg argues that Plaintiff failed to serve him as required under Rule 4(e)(2), which does not permit service by mail.  Fed. R. Civ. P. 4(e)(2).  Plaintiff, however, does not claim to have served Krieg in accordance with Rule 4(e)(2).  Rather, Plaintiff claims to have

---

[1] The ninetieth day was January 1, 2019, a holiday.  See Fed. R. Civ. P. 26(a)(1)(C).

[2] Courts are somewhat divided on the question whether mailed service pursuant to California Code of Civil Procedure § 415.40 is effective on the date of mailing or ten days thereafter.  See, e.g., Friedman v. Conair Corp., No. CV11-04156 JAK, 2011 WL 13220461, at *2-3 (C.D. Cal. July 12, 2011).

3

served Krieg pursuant to Rule 4(e)(1), which provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). Under California Code of Civil Procedure § 415.40, "[a] summons may be served on a person outside [California] . . . by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Code Civ. Pro. § 415.40.

Krieg does not appear to dispute that Plaintiff complied with Section 415.40. Instead, Krieg argues that service was nevertheless defective because Plaintiff failed to comply with the requirements of California Code of Civil Procedure § 415.30, which requires that mailed service on an individual within California also include an acknowledgment of receipt. Cal. Code Civ. Pro. § 415.30. This Court is not aware of, nor does Krieg cite, any authority for the proposition that a plaintiff who properly executes service under Section 415.40 must also meet the requirements of Section 415.30. To the contrary, California courts have reiterated that "with service by mail on a defendant outside the state, no executed acknowledgment of receipt is required." Bolkiah v. Superior Court, 74 Cal. App. 4th 984, 1000 (1999). There is no deficiency in service warranting dismissal.

B. Personal Jurisdiction

Both Defendants also seek to dismiss the Complaint for lack of personal jurisdiction. District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); Panavision

4

Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006); Bohara v. Backus Hosp. Med. Benefit Plan, 390 F.Supp.2d 951, 961 (CD. Cal. 2005) (citing Ziegler v. Indian River Cty., 64 F.3d 470, 473 (9th Cir. 1995)). California's long-arm statute authorizes personal jurisdiction coextensive with the Due Process Clause of the United States Constitution. Cal. Civ. Code § 410.10. Thus, this Court can exercise personal jurisdiction over a nonresident defendant when that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). The contacts must be of such a quality and nature that the defendants could reasonably expect to be "haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

A district court may exercise either general or specific personal jurisdiction over non-resident defendants. Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987). A court may exercise general jurisdiction when the defendant's activities within the forum state are so "continuous and systematic" as to render them essentially at home in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). A court may exercise specific jurisdiction when

5

there is an affiliation between the forum and the underlying controversy, i.e., an activity that takes place in the forum state and is therefore subject to the state's regulation. Walden v. Fiore, 571 U.S. 277, 284-85 (2014).

Here, Plaintiff argues that this Court has specific jurisdiction over both Defendants. (Opposition to Krieg motion at 5; Opposition to REI motion at 8-12). Courts in this circuit apply a three prong test when analyzing specific jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities to or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.

Schwarzenegger, 374 F.3d at 802. Once the plaintiff satisfies the first two prongs of the test, the burden shifts to the defendant to show that exercising personal jurisdiction would be unreasonable. Id.

Under the first prong of the specific jurisdiction test, the plaintiff must show that the defendant purposefully directed his activities toward the forum state or purposefully availed himself of the privilege of conducting activities there. Id. Purposeful direction "requires that the defendant ... have (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) causing harm that the defendant knows is likely to be suffered in the forum state." Id. at 803 (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)). Here, Plaintiff has not demonstrated that Krieg, a resident of Idaho, purposefully directed his activities toward California. Although this Court must take

Plaintiff's uncontroverted allegations as true and resolve all conflicts in affidavits in Plaintiff's favor, Plaintiff cannot "simply rest on the bare allegations of its complaint." Schwarzenegger, 374 F.3d at 800. In a copyright case such as this one, an allegation that a defendant knowingly infringed the copyright of a known forum resident does not, without more, support the exercise of specific jurisdiction. Axiom Foods, Inc. v. Acerchem Int'l, Inc., 674 F.3d 1064, 1069-70 (9th Cir. 2017). Although the Complaint alleges that Krieg intentionally infringed upon Plaintiff's copyright, Krieg's declaration states that he encountered the design on the internet and that it was presented as "copyright free," unaccompanied by any copyright management information. (Krieg Decl. ¶ 5.) Plaintiff has submitted no evidence to the contrary.

The only other allegations of purposeful direction cited by Plaintiff are (1) that Krieg's website does not specifically restrict California purchasers from completing online transactions, (2) Krieg sold to REI, which itself has physical locations in California, and (3) some of Krieg's designs bear "California motifs." (Mot. at 9.) Even if true, these allegations are insufficient to constitute purposeful direction. "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state[,]" even where the defendant is aware "that the stream of commerce may or will sweep the product into the forum state . . . ." Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007); see also Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is, solely by

7

virtue of its universal accessibility, expressly aimed at every state in which it is accessed.").

Both parties' arguments are less developed with respect to REI, a Washington resident. Plaintiff, for his part, largely repeats the unconvincing arguments discussed above. The only significant additional allegation is that REI has several retail locations within California. There is no evidence or allegation, however, that REI ever displayed or sold a product bearing Plaintiff's copyrighted image in any of its California stores.[3] Thus, even assuming that REI's physical presence in California constitutes purposeful availment of the privilege of conducting business in California, Plaintiff has failed to make a prima facie showing that his claim arises out of REI's California-related activities and, therefore, that this court can exercise specific jurisdiction over REI.

---

[3] Mavrix Photo is distinguishable. There, a non-resident allegedly published infringing photos relating to the "California-centered celebrity and entertainment industries" on a website that displayed advertisements directed to Californians. As stated above, however, "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed." Mavrix Photo, 647 F.3d at 1231.

**III. Conclusion**

For the reasons stated above, Defendants' motions to dismiss are GRANTED, for lack of personal jurisdiction.[4] [5]

IT IS SO ORDERED.

Dated: May 15, 2019

DEAN D. PREGERSON
United States District Judge

---

[4] This court has "broad discretion" over Plaintiff's request for jurisdictional discovery. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). Although discovery may be appropriate in cases where relevant facts are disputed, this does not appear to be such a case. Id. Accordingly, Plaintiffs' request for jurisdictional discovery is denied.

[5] Having dismissed the Complaint, the court need not and does not address defendants' arguments regarding transfer of venue.